**Ruth C. HOFFMAN, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD, Appellee.**

No. 86–1190.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1986.

Decided Dec. 5, 1986.

Robert Hoffman, St. Louis, Mo., for appellant.

Nina Kanning Wuestling, St. Louis, Mo., for appellee.

Before John R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Ruth C. Hoffman appeals from an order granting summary judgment in favor of Missouri Pacific Railroad (MPR). We affirm.

In 1982 the Interstate Commerce Commission (ICC) authorized Union Pacific Corporation, the parent company of Union Pacific Railroad (UPR), to acquire and exercise control over Missouri Pacific Corporation, the parent company of MPR. *See Union Pac. Corp.*, 366 I.C.C. 459, 463, 468 (1982), *aff'd in part and rev'd in part sub nom. Southern Pac. Transp. Co. v. ICC*, 736 F.2d 708 (D.C.Cir.1984), *cert. denied*, 469 U.S. 1208, 105 S.Ct. 1171, 84 L.Ed.2d 322 (1985). In doing so, the ICC imposed labor protective provisions, commonly known as the *New York Dock* conditions, on the railroads. *See Union Pac. Corp.*, 366 I.C.C. at 619–21; *see also New York Dock Ry.*, 360 I.C.C. 60, *aff'd*, 609 F.2d 83 (2d Cir.1979).

The railroads then negotiated an implementing agreement with the Brotherhood of Railway, Airline & Steamship Clerks (BRAC), the certified representative of the employees in MPR's St. Louis accounting department. Under this agreement, Hoffman's position in the St. Louis office was abolished and moved to UPR's Omaha office. Through an exercise of seniority, however, Hoffman remained in St. Louis and obtained a different position with MPR. She did not suffer any loss in employment benefits.

Although Hoffman was still employed by MPR after her former position was abolished, she believed she was a "dismissed employee" under article I, section 1(c) of the *New York Dock* conditions. Consequently, she requested a separation allowance from MPR under article I, section 7 of those conditions. MPR refused her request, after concluding Hoffman did not come within the definition of a dismissed employee.

Hoffman then requested that her union, BRAC, arbitrate this dispute with MPR under article 1, section 11 of the *New York Dock* conditions. BRAC rejected Hoffman's argument that she was a dismissed employee, declined to arbitrate the issue on her behalf, and informed Hoffman that under the conditions she could proceed on her own to arbitrate the disputed issue with MPR.

Hoffman instead filed suit in federal district court, claiming she was a dismissed employee under the conditions and entitled to a separation allowance. After answering the complaint MPR filed a motion for summary judgment. In granting the motion, the district court determined that disputes arising under the conditions must be submitted to arbitration. Thus, the court was without subject matter jurisdiction to hear Hoffman's case.

On appeal, Hoffman first argues arbitration under section 11 is not mandatory. Alternatively, Hoffman contends she is excused from arbitration because her union refused to proceed on her behalf.

■ The key to our inquiry here lies in the language of section 11: Any dispute arising under the *New York Dock* conditions "may be referred by either party to an arbitration committee." *New York Dock Ry.*, 360 I.C.C. at 87. The Seventh Circuit has concluded that the ICC intended this language to impose mandatory arbitration of disputes. *See Walsh v. United States*, 723 F.2d 570, 573–74 (7th Cir.1983), *cited with approval in Burlington Northern, Inc.*, I.C.C. Finance Docket No. 28583 (Dec. 21, 1984). We agree with the well-reasoned decision of that court. *See also Atkinson v. Union Pac. R.R.*, 628 F.Supp. 1117, 1119–20 (D.Kan.1985); *Bond v. Union Pac. R.R.*, 601 F.Supp. 329, 331–32 (D.Neb.1984); *McKeon v. Toledo, P. & W.R.R.*, 595 F.Supp. 766, 768–70 (C.D.Ill. 1984); *Swartz v. Norfolk & W. Ry.*, 589 F.Supp. 743, 745–46 (E.D.Mo.1984). Thus, we hold arbitration is mandatory under section 11 of the *New York Dock* conditions.

Hoffman relies on *Nemitz v. Norfolk & Western Railway*, 436 F.2d 841 (6th Cir.), *aff'd*, 404 U.S. 37, 92 S.Ct. 185, 30 L.Ed.2d 198 (1971), to support her position. Her reliance is misplaced. *Nemitz* did not involve the *New York Dock* conditions, and in affirming the Sixth Circuit decision, the Supreme Court did not discuss the arbitration clause that was before the circuit court. Further, we believe our holding is in line with the strong federal policy favoring arbitration of labor disputes. *See International Ass'n of Heat & Frost Insulators, Local Union 34 v. General Pipe Covering, Inc.*, 792 F.2d 96, 100 (8th Cir.1986).

■ We also disagree with Hoffman's argument that she is excused from the arbitration requirement because her union refused to arbitrate on her behalf. Hoffman's argument ignores the clear language of section 11: "[If] the railroad *and* its employees *or* their authorized representatives cannot settle any dispute * * * [over] the interpretation, application or enforcement of [the conditions] * * *, it may be referred by *either* party to an arbitration committee." *New York Dock Ry.*, 360 I.C.C. at 87 (emphasis added). Under this language, an employee can proceed to arbitration without union representation, and the union fully informed Hoffman of her ability to proceed in this manner.

Accordingly, we affirm the district court.